IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| SYSTEM ONE HOLDINGS, LLC, ) | |
| ) | |
| ) | 2:24-CV-00202-MJH |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ACARA SOLUTIONS, INC, ) | |
| ) | |

Defendant,

OPINION AND ORDER

Plaintiff, System One Holdings, LLC, brings the within action against for Defendant, Acara Solutions, Inc., for its alleged possession and use of System One's trade secret information. In this action, System One asserts claims for violation of the Defend Trade Secrets Act, 18 U.S.C. § 1832 et seq., and of the Pennsylvania Uniform Trade Secrets Act, 12 P.S. § 5301 et seq., as well as for tortious interference with contractual relations, unjust enrichment, and unfair competition. On March 13, 2024, System One filed a Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 6). In the interim, Acara moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (3), and (7), or in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a). (ECF No. 9). Because disposition Acara's motions determine this Court's ability to address System One's TRO, the Court will dispose of Acara's motions forthwith.

Upon consideration of Acara's Motion to Dismiss or Motion to Transfer (ECF No. 9), the respective briefs (ECF Nos. 10 and 12), and for the following reasons, Acara's Motions will be denied.

I. Background

System One is an employment staffing firm that is engaged in the business of identifying, recruiting, screening, and hiring employees for the purpose of staffing those employees to System One customers. (ECF No. 1 at ¶ 9). System One employs its team of recruiting professionals and sourcers to utilize online platforms, including proprietary tools, and System One's extensive internal database to identify qualified candidates to screen, interview and present to their clients. *Id*. at ¶ 13. System One alleges the resulting compilation of its business information are protected under the Defend Trade Secrets Act (18 U.S.C. § 1839(3)) and the Pennsylvania Uniform Trade Secrets Act (12 P.S. § 5302). *Id*. at ¶ 16. To protect its trade secrets and as a condition of employment, System One requires its employees to enter into and comply with Confidentiality, Non-Solicitation, and Work Product Assignment Agreements ("Non-Solicitation Agreements"). *Id*. at ¶ 24.

In or about April 2016 and November 2017, System One entered into a Services Agreement with Alstom Transportation, Inc., pursuant to which System One agreed to identify, recruit, screen, and hire employees, for placement of those employees with Alstom. *Id*. at ¶¶ 27, 29. Pursuant to the Service Agreements, the agreements are terminable by either party upon 90 days' written notice. *Id*. at ¶ 30. In or around December 2023, Alstom notified System One that Alstom would be using another service provider to provide staffing services to Alstom. *Id*. at ¶ 43. On or about December 26, 2023, System One and Alstom entered into written amendments to the Service Agreements between System One and Alstom and agreed in the amendments that the term of those agreements would continue through March 31, 2024. *Id*. at ¶ 44. On January 9, 2024, Alstom's Commodity Leader – Indirect Procurement, Lucas Commelin, sent an email to System One Vice President, Todd Sullivan, in which Commelin advised Sullivan that Alstom

had selected Acara Solutions, Inc., to replace System One as Alstom's staffing services provider for all Alstom locations in North America. *Id*. at ¶ 45.

Pursuant to the Service Agreements, approximately 200 System One employees are currently placed at Alstom locations, and the Complaint alleges that Acara is planning to hire those System One employees as Acara's own employees. *Id*. at ¶ 33.  In Commelin's January 9, 2024 email to Sullivan, Commelin requested that System One provide, to Acara, census information on the System One employees whom System One had placed with Alstom; stated that System One employees would have the option of applying for employment with Acara to continue their existing assignment at Alstom; and advised System One that Acara would be contacting System One employees on January 11, 2024 regarding the transition of those System One employees to Acara. *Id*. at ¶ 47. System One alleges that Acara requested that Alstom provide System One's employee census information to Acara, or Acara asked that Alstom request that System One provide its employee census information to Acara, in order to facilitate Acara's hiring of the System One employees for placement at Alstom. *Id*. at ¶ 48.

In its Motion to Dismiss, Acara argues that 1) Dismissal is required because System One's choice of venue is improper; 2) System One lacks standing because it cannot maintain that Acara was the source of its harm; 3) Dismissal is required because System One failed to join Alstom and the employees placed at Alstom; and 4) In the alternative, the Court should transfer the matter to the Western District of New York.

II.     Discussion

A. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(3)

Acara argues that System One fails to allege sufficient facts to establish venue in this district.  Acara contends that System One does not allege a single act, either by Acara or Alstom,

that took place in the Western District of Pennsylvania.  System One maintains that it has sufficiently alleged that venue is proper in the Western District of Pennsylvania.  Specifically, System One contends that the alleged injuries and events supporting the instance causes of actions occurred within the Western District of Pennsylvania.

In deciding a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), the Court must "accept as true all of the allegations in the complaint, unless those allegations are contradicted by the defendants' affidavits." *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 158 n. 1 (3d Cir. 2012). "This Court may evaluate facts outside the complaint to determine proper venue; however, all reasonable inferences must be drawn in the plaintiff's favor." *Rabner v. Titelman*, No. 15-1313, 2016 WL 1613444, at *4 (W.D. Pa. Apr. 22, 2016). The moving party bears the burden of proof. *Id*. If venue is improper, a district court may either dismiss the case or transfer it to a district in which it could have originally been brought. *Id*.; 28 U.S.C. § 1406(a).

> 28 U.S.C. § 1391(b) defines the proper venue and provides that an action should:
>
> [B]e brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Here, Acara has not met its burden that venue in the Western District of Pennsylvania is improper.  As noted by System One, Acara offers no evidence through affidavits or otherwise to support its positions.  Therefore, the Court must accept System One's allegations as true in determining venue.   System One has alleged that it maintains its principal place of business in

4

Pittsburgh, Pennsylvania.  (ECF No. 1 at ¶ 4).  The Complaint sufficiently avers that the events and injuries giving rise to System One's causes of actions were directed to its principal place of business in the Western District of Pennsylvania.  (ECF No. 1 at ¶¶ 12-23, 43-51, 53-58).  Therefore, the Court concludes that, for purposes of determining venue and after accepting System One's allegations as true, venue is not improper.

Accordingly, Acara's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(3) will be denied.

B.  Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)

Acara next argues that System One lacks standing because it cannot maintain that Acara was the source of the harm alleged in the Complaint.  Specifically, Acara contends that System One's allegations establish that Acara was not the cause of the harm, but instead it was Alstom who, allegedly, breached its confidentiality agreement and disclosed trade secret information to Acara. System One maintains that its claims are based entirely on Acara's improper actions of obtaining and utilizing System One's confidential Trade Secret Information and interfering with System One's contractual relationships.

Under Federal Rule of Civil Procedure 12(b)(1), a court must grant a motion to dismiss if it lacks subject matter jurisdiction to hear a claim. *In re Flonase Antitrust Litigation*, 610 F.Supp.2d 409, 412 (E.D. Pa. 2009). "A motion to dismiss for want of standing is also properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Id*.

Three elements are required for standing: (1) the existence of an "injury in fact" that is both concrete and particularized as well as actual or imminent; (2) a causal connection making the injury "fairly…trace[able] to the challenged action of the defendant, and not…the result [of] the independent action of some third party"; and (3) it is "likely" that the injury will be

"redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Notably, at the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, and on a motion to dismiss the Court "presume[s] that general allegations embrace those specific facts that are necessary to support the claim." *Id*. at 561.

Here, careful review of the Complaint reveals System One's claims are based upon Acara's alleged actions of obtaining, utilizing, and misappropriating System One's confidential Trade Secret Information and interfering with System One's contractual relationships. Such allegations are sufficient to establish an action by Acara in support of System One's claims. Therefore, System One's Complaint sufficiently supports its standing against Acara.

Accordingly, Acara's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) will be denied.

C.  Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(7)

Acara next contends that System One's Complaint should be dismissed because it fails to join Alstom and the employees placed at Alstom as parties to this action. Acara maintains that System One's Complaint depends upon contractual rights it allegedly maintains with non-parties: Alstom and the third-party employees. Thus, Acara argues that System One's claims against Acara are predicated on Alstom's actions, and Alstom's joinder is necessary to adjudicate System One's claims. Similarly, Acara asserts the employees placed with Alstom are also necessary parties because System One's claims depend on the validity of the restrictive covenant terms of their employment agreements. In response, System One argues that Acara is the actor with the most critical role in the wrongdoing alleged in the Complaint.

Rule 12(b)(7) allows for dismissal of a complaint for failure to join a party under Rule 19. Rule 19 requires the joinder of parties "subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction" if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that persons claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). "[I]n pursuing a Rule 12(b)(7) motion to dismiss, the moving party bears the burden of showing that the absent party is both necessary and indispensable under Rule 19." *Id*. (citing *Disabled in Action v. Se. Pa. Transp. Auth.*, 635 F.3d 87, 97 (3d Cir. 2011)). "In considering a motion under Rule 12(b)(7), the court must accept the factual allegations in the complaint as true and view those allegations in the light most favorable to the non-moving party." *Id*.

Here, System One does not allege any contractual claims against Acara. Instead, the Complaint supports that it was Acara's own alleged improper actions, by obtaining and utilizing System One's confidential Trade Secret Information, tortiously interfering with the contractual relationships between System One and Alstom, and tortiously interfering with the contractual relationships between System One and System One's employees. Such actions do not depend on the presence of either Alstom or the employees placed at Alstom. The same are not indispensable parties under Rule 19 warranting dismissal of System One's Complaint.

Accordingly, Acara's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(7) will be denied.

D. Motion to Transfer

Finally, Acara argues that this matter should be transferred to the Western District of New York because Acara is a resident of that district, the location of Acara's witnesses are in that district, and a transfer would further the end of judicial efficiency. Acara bases this last point on the number of filings and pending cases in the Western District of New York versus the Western District of Pennsylvania. System One maintains that nothing favors transfer to the Western District of New York because Acara is registered to conduct business in Pennsylvania, deference to System One's choice of forum, and that there are sufficient witnesses in both Districts, rendering the convenience argument moot.

Section 1404 provides for transfers of venue "[f]or the convenience of parties and witnesses, in the interest of justice, ... to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Transfer is in "the discretion of the court." 28 U.S.C. § 1404(b); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981) (holding that "where the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference"). "The burden of establishing the need for transfer ... rests with the movant." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995). The court should consider the following factors:

> (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) where the claim arose; (4) "convenience of the parties as indicated by their relative physical and financial conditions"; (5) "the convenience of the witnesses--but only to the extent that the witnesses may actually be unavailable for trial in one of the for a"; (6) the location of books and records; (7) the enforceability of the judgment; (8) practical considerations that could expedite or simplify trial; (9) the level of court congestion in the two fora; (10) "the local interest in deciding local controversies at home"; (11) the public policies of the fora; and (12) in a diversity case, the familiarity of the two courts with state law.

*In re Amendt*, 169 F. App'x 93, 96 (3d Cir. 2006) (quoting *Id*.). The first six factors relate to private interests, while the remaining six pertain to the public interest. *Jumara*, 55 F.3d at 879.

Here, Acara has not identified sufficient factors that would meet its burden, as the movant, to transfer this case. As discussed above, System One chose this forum as a resident of this District and has sufficiently alleged that the claim arose in this District. Based upon those factors, the Court should give deference to System One's chosen forum. As regard the other factors discussed by Acara, witnesses and judicial congestion, neither has merit. Nothing suggests in the allegations or record that witnesses would be unavailable for trial based upon any trial in this matter's locale. And finally, as regard judicial workload, Acara only identifies the number of cases and filings in the two districts. The number of filings is not necessarily determinative of this Court's ability to process this case expeditiously and efficiently. In fact, the record would likely support this Court's efficiency.[1] Therefore, none of the outlined factors in Acara's arguments support transfer.

Accordingly, Acara's Motion to Transfer will be denied.

III.     Conclusion and Order

Following consideration of Acara's Motion to Dismiss or Motion to Transfer (ECF No. 9), the respective briefs (ECF Nos. 10 and 12), and for the foregoing reasons, Acara's Motions are denied.

A separate order will issue scheduling a hearing on System One's Motion for Temporary Restraining Order.

---

[1] By way of example, the Court is disposing of Defendant's Motion to Dismiss two days after it ripened.

9

DATED this \_\_22nd\_\_ day of March, 2024.

                         BY THE COURT:

                         */s/ Marilyn J. Horan*
                         MARILYN J. HORAN
                         United States District Judge